UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
LEONIDES DUVERNY,                                                   18-CV-07652 (DLC)

                    Plaintiff,

    -against-                                                            **ANSWER and**
                                                                                         **COUNTERCLAIM**

HERCULES MEDICAL P.C. and HYPERION
MEDICAL P.C. and ACHILLES MEDICAL P.C.
and GEOFFREY RICHSTONE, individually,

                     Defendants.
------------------------------------------x

        Defendants by their attorney, Echtman & Etkind, LLC, as and for their answer to Plaintiff's Complaint, respectfully show and allege:

1.    Decline to respond to the allegations set forth in paragraphs "1", "2", "3", and "4" of the Complaint in that they contain legal conclusions for which a response is not required.

2.    Deny each and every allegation set forth in paragraph "5" of the Complaint, except admit that an EEOC charge was filed and respectfully refers to the charge for the terms thereof.

3.    Deny each and every allegation set forth in paragraph "6" of the Complaint, except admit that a Notice of Right to Sue was issued and respectfully refers to the Notice for the terms thereof.

4.    Deny each and every allegation set forth in paragraphs "8", "10", "14", "15", "16", "18", "19", "20", "21", "22", "23", "25", "26", "27", "28", "29", "30", "'31", "32", "33", "34', "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", and "58" of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

1

6. Deny each and every allegation set forth in paragraph "11" of the Complaint, except admit that Defendant Geoffrey Richstone (i) was and is the office manager of Defendant Hyperion Medical, P.C., who employed Plaintiff and (ii) had the authority to supervise Plaintiff's work, including the authority to hire and fire her.

7. Deny each and every allegation set forth in paragraphs "12" and "13" of the Complaint, except admit that Defendant Hyperion Medical, P.C. is an employer within the meaning of the FLSA and NYLL and employed fifteen or more employees during the relevant time period.

8. Deny each and every allegation set forth in paragraph "17" of the Complaint, except admit Defendant Hyperion Medical, P.C. initially paid Plaintiff $17.00/hr and, then, in 2018 paid her $18.00/hr.

9. Deny each and every allegation set forth in paragraph "24" of the Complaint, except admit that there were emails and respectfully refers to the emails for the terms thereof.

## ANSWERING THE FIRST
## ALLEGED CAUSE OF ACTION

10. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "59" of the Complaint.

11. Decline to respond to the allegations set forth in paragraph "60" of the Complaint in that they contain legal conclusions for which a response is not required.

12. Deny each and every allegation set forth in paragraphs "61", "62", "63", and "65" of the Complaint.

## ANSWERING THE SECOND
## ALLEGED CAUSE OF ACTION

13. Repeat and reallege the denials previously set forth in response to the allegations

incorporated by reference in paragraph "66" of the Complaint.

14. Decline to respond to the allegations set forth in paragraph "67" of the Complaint in that they contain legal conclusions for which a response is not required.

15. Deny each and every allegation set forth in paragraphs "68", "69" and "70" of the Complaint.

## ANSWERING THE THIRD
## ALLEGED CAUSE OF ACTION

16. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "72" of the Complaint.

17. Decline to respond to the allegations set forth in paragraph "73" of the Complaint in that they contain legal conclusions for which a response is not required.

18. Deny each and every allegation set forth in paragraphs "64" and "75" of the Complaint.

## ANSWERING THE FOURTH
## ALLEGED CAUSE OF ACTION

19. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "76" of the Complaint.

20. Decline to respond to the allegations set forth in paragraph "77" of the Complaint in that they contain legal conclusions for which a response is not required.

21. Deny each and every allegation set forth in paragraphs "78", "79", and "80" of the Complaint.

### ANSWERING THE FIFTH
### ALLEGED CAUSE OF ACTION

22. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "81" of the Complaint.

23. Decline to respond to the allegations set forth in paragraph "82" of the Complaint in that they contain legal conclusions for which a response is not required.

24. Deny each and every allegation set forth in paragraphs "83", "84", and "85" of the Complaint.

### ANSWERING THE SIXTH
### ALLEGED CAUSE OF ACTION

25. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "86" of the Complaint.

26. Decline to respond to the allegations set forth in paragraph "87" of the Complaint in that they contain legal conclusions for which a response is not required.

27. Deny each and every allegation set forth in paragraphs "88", "89", and "90" of the Complaint.

### ANSWERING THE SEVENTH
### ALLEGED CAUSE OF ACTION

28. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "91" of the Complaint.

29. Decline to respond to the allegations set forth in paragraph "92" of the Complaint in that they contain legal conclusions for which a response is not required.

30. Deny each and every allegation set forth in paragraphs "93", "94", and "95" of the

Complaint.

### ANSWERING THE EIGHTH
### ALLEGED CAUSE OF ACTION

31.     Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "96" of the Complaint.

32.     Decline to respond to the allegations set forth in paragraph "97" of the Complaint in that they contain legal conclusions for which a response is not required.

33.     Deny each and every allegation set forth in paragraphs "98" and "98" of the Complaint.

### ANSWERING THE NINTH
### ALLEGED CAUSE OF ACTION

34.     Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "100" of the Complaint.

35.     Decline to respond to the allegations set forth in paragraph "101" of the Complaint in that they contain legal conclusions for which a response is not required.

36.     Deny each and every allegation set forth in paragraphs "102" and "103" of the Complaint.

### ANSWERING THE TENTH
### ALLEGED CAUSE OF ACTION

37.     Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "104" of the Complaint.

38.     Decline to respond to the allegations set forth in paragraph "105" of the Complaint in that

they contain legal conclusions for which a response is not required.

39. Deny each and every allegation set forth in paragraphs "106" and "107" of the Complaint.

## ANSWERING THE ELEVENTH
## ALLEGED CAUSE OF ACTION

40. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "108" of the Complaint.

41. Decline to respond to the allegations set forth in paragraph "109" of the Complaint in that they contain legal conclusions for which a response is not required.

42. Deny each and every allegation set forth in paragraphs "110", "111" and "112" of the Complaint.

## ANSWERING THE TWELFTH
## ALLEGED CAUSE OF ACTION

43. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "113" of the Complaint.

44. Decline to respond to the allegations set forth in paragraph "114" of the Complaint in that they contain legal conclusions for which a response is not required.

45. Deny each and every allegation set forth in paragraphs "115", "116" and "117" of the Complaint.

### ANSWERING THE THIRTEENTH
### ALLEGED CAUSE OF ACTION

46. Repeat and reallege the denials previously set forth in response to the allegations incorporated by reference in paragraph "118" of the Complaint.

47. Decline to respond to the allegations set forth in paragraphs "119" and "124" of the Complaint in that they contain legal conclusions for which a response is not required.

48. Deny each and every allegation set forth in paragraphs "120", "121" and "123" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. Plaintiff has failed to mitigate her damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by virtue of the doctrines of waiver and/or estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. Defendant Hyperion Medical, P.C. has made good faith efforts to comply with the FLSA.

53. Therefore, liquidated damages should not be imposed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Defendants Hercules Medical, P.C. and Achilles Medical, P.C. never employed Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. All actions taken by Defendants Hyperion Medical, P.C. and Geoffrey Richstone were taken for legitimate, nondiscriminatory business reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. Defendant Hyperion Medical, P.C. has established, implemented and complied with the policies, programs and procedures for prevention and detection of unlawful discrimination by employers in accordance with the New York State Human Rights Law § 297 of the Executive Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. All relevant factors should be considered in accordance with § 8-107(e) and (f) of Title 8 of the New York City Administrative Code.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Mitigating factors should be taken into account in accordance with § 8-126 (b) of Title 8 of the New York City Administrative Code.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. Defendants should not be held liable for punitive damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60.     The statute of limitations may bar one or more of the claims.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61.     Insufficient service of process on one or more Defendants.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff has failed to file with a complaint with the EEOC for many of the Defendants and, therefore, a suit for discrimination against those Defendants should be dismissed.

### AS AND FOR A FOURTHEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

63.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

64.     Plaintiff stole a medical file, which belongs to Hyperion, from Defendant Hyperion Medical, P.C.'s office. (That file contains medical information pertaining to Plaintiff.)

65.     Only after Defendant Hyperion Medical, P.C. filed a police report concerning the theft did Plaintiff make any claims against Defendants.

66.     Thereafter, Plaintiff's then counsel returned a portion of the file to Defendant Hyperion Medical, P.C.

67.     By reason of the foregoing, Plaintiff is liable to Defendant Hyperion Medical, P.C. for damages, including punitive damages, in an amount to be determined at trial.

**WHEREFORE**, Defendants demands judgment as follows:

    (a)    Dismissing Plaintiff's Complaint,

    (b)    Awarding Defendant Hyperion Medical, P.C. damages and punitive damages in an amount determined at trial;

    (c)    Awarding Defendants their costs and disbursements in this action; and

    (d)    For such and other further relief as the Court deems just and proper.

Dated: New York, New York
       September 20, 2018

                **ECHTMAN & ETKIND, LLC**
                Attorney for Defendants

By: _____
                David Etkind (DE-9805)

12 Marlette Place
White Plains, New York 10605
(212) 757-2310