UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X  18-CV-07652 (DLC)

LEONIDES DUVERNY,

                                  Plaintiff,  **DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT**

           -against-

HERCULES MEDICAL P.C. and HYPERION
MEDICAL P.C., and ACHILLES MEDICAL P.C.,
and GEOFFREY RICHSTONE, individually,

                                  Defendants.
-------------------------------------------------------------------------X

       Defendants submit this Response to Plaintiff's Local 56.1 Statement:

|  | **Plaintiff's Alleged Undisputed Material Facts** | **Defendants' Response** |
|---|---|---|
| 1. | Plaintiff is Haitian American. (Duverny Dept Tr. p. 56:17-19). | Admit |
| 2. | On September 18, 2015, Defendant Richstone sent Plaintiff a text message stating: "No resume, Bimbo[.]" (Duverny Dep. Tr. Dep. Tr. 54:25-55:17, 97:17-98:9, 98:25-99:5; Richstone Dep. Tr. 255:6-11) | Admit. This instant message (Exh. "5" to the moving papers at Bates Stamp No. 217) was sent prior to her employment with Defendant Hyperion Medical, P.C.("HYPERION MEDICAL") in which Plaintiff had asked Defendant Geoffrey Richstone ("Richstone") to help her get a job and led to Plaintiff (who is not a Jamaican) making a joke about acting like a Jamaican: "Jamaican MAN" by failing to send her resume at the time she should have. *Id.* (Richstone was at that time married to a Jamaican wife, who he was having marital problems with. *See, e.g.,* Richstone Dep. at 74, l. 7-10.) |
| 3. | In or around September 2015, Defendant Richstone sent Plaintiff a text message stating: "Why are you awake at this hour? All Jamaicans have been asleep since 9 | Admit. This instant message (Exh. "5" to the moving papers at Bates Stamp No. 216) was sent |

|   |   |   |
|---|---|---|
|   | AM[.]" (Duverny Dep. Tr. 86:8-13; Richstone Dep. Tr. 259: 13-24;' Friedman Decl. Ex. 3) | prior to her employment with HYPERION MEDICAL and led to Plaintiff responding to the joke by laughing out loud – that was her responding instant message: "LOL". *Id.* |
| 4. | Defendant Richstone hired Plaintiff to work for Defendants as a Billing Assistant on or about November 2, 2015. (Duverny Duverny Dep. Tr. 48:20-4) | Deny. Plaintiff was hired by HYPERION MEDICAL on November 2, 2015. *See* the NY Pay Notice (Exh. "4" to the moving papers). |
| 5. | When Plaintiff was hired, she did not receive a wage notice that included her overtime rate of pay. (Duverny Dep. Tr. pp. 154:16-155:25) | Deny. The NY Pay Notice (Exh. "4" to the moving papers) provides: "most employees in NYS must be paid overtime wages of 1.5 times their regular rate of pay [which was provided]. . . . A very limited number of specific categories of employees must be paid overtime at a lower rate or not at all". *Id.* |
| 6. | While Plaintiff was employed by Defendants, she was not paid 1.5 times her hourly wage for hours that she worked over 40 hours in a week. (Duverny Dep. Tr. 58:9-12; 61:16-18; 63-10-15) | Deny. Plaintiff, who was employed by HYPERION MEDICAL, never worked over forty hours a week. *See* the Employee Timecard Reports (Exh. "8" to the moving papers) which evidence not only the hours that Plaintiff worked, but also included a half an hour lunch break that she took each day. *See* Duverny Dep.at 58, l. 9-19 for her admission that she took a daily lunch break of thirty minutes. If you omit the half hour lunch break taken each day (*see* 29 CFR 785.15 ("*bona fide* meal periods are not worktime"), Plaintiff did not work more than forty hours a week and, therefore, is not entitled to overtime. |
| 7. | Defendant Richstone directed a coworker over the phone to purchase Plaintiff a new mattress. Plaintiff did not ask | Admit that he purchased the mattress and deny the rest. Richstone purchased the mattress |

| | | |
|---|---|---|
| | for the mattress. (Richstone Dep. Tr. 235:8-10; Duverny Dep. Tr. 124: 5-15) | for Plaintiff after she had pocketed the money that was given to her to purchase a mattress and, then, whined to Richstone that she was sleeping on the floor. *See* Richstone Dep. at 234, l. 8-24. |
| 8. | While Plaintiff was employed with Defendants, Defendant Richstone called Plaintiff into an office where he and another male doctor discussed the length of her dress. (Duverny Dep. Tr. pp. 105:16-106:4; Richstone Dep. Tr. 205:21-206:6) | Deny. A co-worker had complained about the length of Plaintiff's dress, which Richstone decided was not an issue and told the co-worker to "mind your own business". *See* Richstone Dep. at 205, l. 21-206, l. 8. |
| 9. | Defendant Richstone referred to Plaintiff's employment as a "charity" he had performed. (Duverny Dep Tr. 109:3-15; 130:12-24; Richstone Dep. Tr. 157:19-20) | Deny. Richstone referred to Plaintiff as a "charity hire" in that HYPERION MEDICAL did not really need to employ her, but did. *See* Richstone Dep. at 157, l. 17 – 158, l. 3. |
| 10. | Plaintiff was required to hand over her cell phone while she was at work. (Duverny Dep. Tr. 27:21-24; Richstone Dep. Tr. 161:15-16) | Admit. |
| 11. | Defendant Richstone repeatedly asked Plaintiff to accompany him alone to dinner. (Duverny Dep. Tr. 27:7-20, 33:23-34:13; 37:21-23) | Deny. Plaintiff dated Richstone both prior to and after she was employed by HYPERION MEDICAL. *See* Plaintiff's Dep. at 40, l. 2 and 108, l. 7-12.<br><br>Both Richstone and Plaintiff asked each other to go out on dinner dates. *See* Richstone Dep. at 84, l. 21- 85, l. 2 and 188, l. 14-17. |
| 12. | Defendant Richstone invited himself to Plaintiff's apartment and looked around it. (Duverny Dep. Tr. 131:3-12) | Deny. Plaintiff invited Richstone over to her apartment to have a sexual liaison (*see* Richstone Dep. at 65, l. 9 – 66, l. 5) and when that did not occur since Richstone decided not to leave his wife, the Plaintiff/Richstone relationship was transformed into this harassment case. *See* Richstone Dep. at 235, l. 7-13. |
| 13. | Defendant Richstone gave Plaintiff a scale, which she did not ask for. (Duverny Dep Tr. 131:25-132:8) | Deny. *See* Richstone Dep. at l. 17-19. |

3

| 14. | Defendant Richstone directed Plaintiff to attend a book lecture with him during working hours. (Duverny Dep. Tr. 110:10 - 111:3). | Deny. See Richstone Dep. at 154, l. 24 – 155, l. 25 (Richstone's friend, who had been chatting with Plaintiff, invited the two of them to the lecture when he told Richstone in front of Plaintiff: "why don't you bring her and I said okay."). |
|---|---|---|
| 15. | Defendant Richstone directed Plaintiff to accompany him to a car dealership during working hours. (Duverny Dep. Tr. 134: 14-15) | Deny. See Richstone Dep. 154, l. 22-24. |
| 16. | Defendant Richstone directed Plaintiff to cancel her gym membership and join his gym. (Duverny Dep. Tr. 132: 16-23; Richstone Dep. Tr. 244:24-25) | Deny. Richstone suggested that she switch her gym membership because the other gym offered more activities for Plaintiff. See Richstone Dep. at 244, l. 12 – 245, l. 5.<br><br>Plaintiff and Richstone did not work out together, did not go to the gym together, and never saw each other at the gym. See Plaintiff's Dep. at 25, l. 21 – 26, l. 2. |
| 17. | While working for Defendants, Defendant Richstone frequently made comments about Plaintiff's appearance and body. (Duverny Dep. Tr. 31:25-32:14; 105:16-106:4) | Deny. See Richstone Dep. at 246 l. 21 – 247, l. 25. |
| 18. | Defendant Richstone frequently called Plaintiff "bimbo." (Duverny Dep. Tr. 101:22-24; Friedman Decl. Ex. 3). | Deny. At the time that Plaintiff testified at her deposition, the full series of instant messages were not produced. See Etkind Affirmation at ¶3. Plaintiff, who apparently assumed that the instant messages could not be located, lied repeatedly during her deposition about the instant messages that she had sent. Plaintiff lied that Richstone called her a Haitian bimbo in multiple instant messages. See Plaintiff's Dep. at 55, l. 12-17. In fact, in not one instant message did Richstone call Plaintiff a Haitian |

4

|     |                                                                                                                                                                                                                                                                           |                                                                                                                                                                                                                                                                                                                                       |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |                                                                                                                                                                                                                                                                           | bimbo. *See* the instant messages (Exh. "5" to the moving papers).                                                                                                                                                                                                                                                                    |
| 19. | While working for defendants, Defendant Richstone would make derogatory statements about Haitians and Jamaicans. (Duverny Dep. Tr. pp. 55:5-11; 56:17-25;105:7-9; 109:5-8)                                                                                                 | Deny. Richstone Dep. at 248, l. 10-23 (as to Haitians). Plaintiff is not Jamaican. *See* undisputed fact no. 1. Richstone, who is married to a Jamaican wife, teases Jamaicans. *See* Richstone Affidavit of Defendants' motion at ¶4.                                                                                                 |
| 20. | Defendant Richstone's license to practice medicine was revoked before Plaintiff was hired by Defendant Richstone and while Plaintiff was working for Defendant Richstone he was not licensed to practice medicine. (Richstone Dep. Tr. 28:4-3)                            | Admit.                                                                                                                                                                                                                                                                                                                                |
| 21. | Defendant Richstone insisted that Plaintiff conduct medical examinations with the medical practice where Plaintiff was employed by him. (Duverny Dep. Tr. pp. 27:13; 30:5-11).                                                                                             | Deny. *See* Richstone Dep. at 252, l. 5 - 15.                                                                                                                                                                                                                                                                                         |
| 22. | During the medical examination that Defendant Richstone insisted Plaintiff submit to, Defendant Richstone touched her vagina with an ungloved hand. (Duverny Dep. Tr. pp. 137:5-138:21)                                                                                    | Deny. *See* Richstone Dep. at 191, l. 15 – 21 (Richstone testified: "Are you mad? Of course not. . . . The answer is absolutely not. What if I did that and she started screaming, I would have the whole office there in ten seconds.")                                                                                              |
| 23. | Defendant Richstone asked Plaintiff to submit to another examination and she refused out of fear of being sexually touched again. (Duverny Dep. Tr. pp. 161:12-22)                                                                                                         | Deny. Plaintiff refused to undergo some pre-operation hernia examinations by medical professionals (other than Richstone) because she allegedly did not want to engage in insurance fraud. *See* Plaintiff's Dep. at 161, l. 14-18 and the emails between Plaintiff and her future employer (Exh. "6" to the moving papers).          |
| 24. | When Plaintiff refused to submit to another examination, Defendant Richstone fired her. (Duverny Dep. Tr. pp. 160:21-161:22)                                                                                                                                               | Deny. Plaintiff stole her medical file and refused to return it. Richstone Dep. at 237, l. 16 – 238, l. 6.                                                                                                                                                                                                                            |
| 25. | On the day, Plaintiff was fired she took her medical file. (Duverny Dep. Tr. pp. 161:12-22)                                                                                                                                                                               | Admit.                                                                                                                                                                                                                                                                                                                                |

| 26. | Plaintiff later returned the medical file. (Richstone Dep. Tr. 222:6-7) | Deny  The medical file was missing the doctors' notes. *See* Richstone Dep. at 222, l. 6 – 225, l. 10. |
|---|---|---|
| 27. | After Plaintiff was fired, Defendants refused to give her her final paycheck. (Duverny Dep. Tr. p. 62:12-19) | Admit. |
| 28. | Plaintiff received her final paycheck only after she contacted the U.S. Department of Labor, Wage Division for help. (Duverny Dep. Tr. p. 151"2-5) | Admit. |
| 29. | There is no evidence that Plaintiff taking her own medical chart is immoral or unconscionable. (Duverny Dep. Tr. 161: 11-23) | Deny.  Theft is immoral. |
| 30. | Plaintiff took her own medical chart because she was under the impression that she had the right to do so and to prevent its use from any further fraudulent activity on the part of defendants. (Duverny Dep. Tr. 161: 11-23) | Deny. Plaintiff testified that she took the medical chart to prevent HYPERION MEDICAL for billing her insurance company for what she claimed – after the fact - was insurance fraud. *See* Plaintiff's Dep. at 161, l. 18-23. |
| 31. | Plaintiff returned the medical chart soon after taking it. (Richstone Dep. Tr. 233:14-18; Duverny Dep. Tr. 161: 24-162: 3). | Deny. The medical file was missing the doctors' notes. *See* Richstone Dep. at 222, l. 6 – 225, l. 10. |
| 32. | Defendant suffered no damages from Plaintiff taking the chart. (Richstone Dep. Tr. 233:14-18; Duverny Dep. Tr. 161: 24-162: 3). | Deny.  HYPERION MEDICAL has been damaged by the failure of Plaintiff to return its property (the medical notes to the file). *See* Richstone Dep. at 222, l. 6 – 225, l. 10. And without medical notes, HYPERION MEDICAL cannot recover for its services. |

Dated: New York, New York
October 28, 2019

**Echtman & Etkind, LLC**
*Attorney for Defendants*

By: _____
David Etkind, Esq. (DE-9805)
551 Fifth Avenue, 3rd Floor
New York, New York 10176
(212) 757-2310

6