UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEONIDES DUVERNY,

                                 Plaintiff,

                                                    18-CV-07652 (DLC)

        -against-

HERCULES MEDICAL P.C. and HYPERION
MEDICAL P.C. and ACHILLES MEDICAL P.C.
and GEOFFREY RICHSTONE, individually,

                                  Defendants.

------------------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR FRCP, RULE 56
# MOTION FOR SUMMARY JUDGMENT

**ECHTMAN & ETKIND, LLC**
**Attorney for Defendants**
**551 Fifth Avenue, 3rd Floor**
**New York, New York 10176**
**Tel.: (212) 757-2310**

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT**…………………………….……………….……….....1

**DUVERNY's overtime claims must be dismissed**.……………………………..........2

**DUVERNY failed to name her employer in her EEOC Charge;
therefore, her Title VII discrimination charges must be dismissed**………..........3

**Workplace harassment claims are analyzed
under the McDonnell Douglas burden-shifting analysis**…………………….............4

**The same actor doctrine applies; it is simply incredible to
find that Defendants were motivated by discrimination
because DUVERNY was hired and fired within a few months**…………….……..4

**Neither RICHSTONE, nor HYPERION
MEDICAL sexually harassed DUVERNY**…………………………….………....5

**Neither RICHSTONE, nor HYPERION
MEDICAL engaged in *quid pro quo* sexual harassment**……………………….......6

**DUVERNY's national origin discrimination claims must be dismissed**…..........7

**DUVERNY's ADA discrimination claim must be dismissed**…………….............8

**HYPERION MEDICAL's counterclaim should not be dismissed**……..…....….10

**CONCLUSION**……………….……..…………………………………………….....10

# TABLE OF AUTHORITIES

## Cases

Page

*Arroyo v. Westlb Administration, Inc.,*
54 F.Supp.2d 224 (SDNY 1999). …………..………………………………………………….....7

*Block v. First Blood Associates,*
988 F.2d 344 (2nd Cir. 1993)……….……………………………..…………………………………9

*Garrigan v. Ruby Tuesday, Inc.,*
2013 WL 3946223 (SDNY) …………..…………………………………………………………....6

*Johnson v. Palma,*
931 F.2d 203 (2nd Cir. 1991)…………….…………………………………………………..3

*Kroll v. White Lake Ambulance Authority,*
691 F.3d 809 (6th Cir. 2012) …………..……………………………………………………………..9-10

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) …………..………………….…………….4

*Mauro v. Orville,*
259 A.D.2d 89, 697 N.Y.S.2d 704 (3rd Dep't 1999),
*lv. denied* 94 N.Y.2d 759 (2000)…………………………………………………………………....6

*Naumovski v. Norris,*
934 F.3d 200 (2nd Cir. 2019)…………..……………………………………………..……..…4, 8

*Nungesser v. Columbia University,*
244 F.Supp.3d 345 (SDNY 2017) …………..………………………………………………….6

*Petrosino v. Bell Atl.,*
385 F.3d 210 (2nd Cir. 2004)……..……………………………………………………………...........8

*Vuono v. Consolidated Edison of New York, Inc.,*
2019 WL 2433654 (SDNY)…………………………………………………………………….....9

## PREMINARY STATEMENT

This reply memorandum of law is submitted in further support of Defendants' motion for summary judgment and note two additional items:

First, Defendants are expanding upon a prior point (Plaintiff Leonides Duverny ("DUVERNY") failed to name her employer, Defendant HYPERION MEDICAL, P.C. ("HYPERION MEDICAL"), in her EEOC charge and, therefore, the Title VII claims should be dismissed to include the dismissal of the ADA claim for the same reason and because the EEOC Charge did not even mention the ADA claim.  *See* page 8-10, *infra*.

Second, Defendants request appropriate sanctions for DUVERNY's failure to abide by Your Honor's May 10, 2019 Revised Scheduling Order, Your Honor's Individual Rules, and the FRCP. First, in her opposing papers, DUVERNY requested summary judgment dismissing HYPERION MEDICAL counterclaim for theft without making a motion and without abiding by Your Honor's May 10, 2019 Revised Scheduling Order, which required the motion to be served by August 21, 2019. Therefore, that motion should be denied. Second, DUVERNY violated your Individual Rules by submitting a memorandum of law that exceeds twenty-five pages in length without asking permission to do so.  Given the failure to even make a request (which opposing counsel knew had to be made[1]), Your Honor should grant an appropriate sanction and refuse to consider arguments that are made after the twenty-fifth page of the brief.

---

[1]	DUVERNY's counsel opposed a similar request that was made by Defendants, which request was timely made and, then, granted.

1

And given the page limitations on a reply memorandum of law, Defendants will concentrate upon why the federal causes of action are to be dismissed.

## DUVERNY's overtime claims must be dismissed.

DUVERNY testified that her overtime claims are based upon the allegation that she was being paid at her regular hourly pay for the hours that she worked overtime (T. at 63, l.17-22)[2]. In the moving papers, Defendants argued that they are entitled to summary judgment dismissing those claims based upon the doctrine of *res judicata* and because DUVERNY is not owed any overtime. In opposition thereto, DUVERNY found case law that a *res judicata* defense may require a plaintiff to waive in writing her overtime claim when the US DOL settles the claim.[3]  Assuming that that argument is correct, DUVERNY has failed to demonstrate that she is owed *any* overtime. As noted in the moving papers, (i) the Employee Timecard Reports (Exh. "8" to the underlying motion) evidence not only the hours that DUVERNY has worked, but also included a half an hour lunch break that she took each day, and (ii) omitting the lunch break, which DUVERNY acknowledged taking, no overtime is owed.[4]  In light of these facts, DUVERNY was required to come forward with proof that she is owed overtime. DUVERNY has failed to do so. Instead, in her opposing papers, DUVERNY argued that she may have worked hours that are not reflected in her paychecks (the paychecks are based upon her Employee

---

[2]     "T" references DUVERNY's deposition (Exh. "3" to the moving papers).

[3]     *See* Plaintiff's Opposing Memorandum of Law at 22-23.

[4]     *See* Defendants' Memorandum of Law at Point II.

Timecard Reports), which argument is contradicted by DUVERNY's testimony that her paychecks reflected her hours (T. at 61, 12-14) and that she did not "pay attention to" any time that allegedly may be missing (T. at 61, 22-24). Given the absence of proof of *any* time owed, summary judgment must be granted to Defendants.

### DUVERNY failed to name her employer in her EEOC Charge; <u>therefore, her Title VII discrimination charges must be dismissed.</u>

DUVERNY failed to name her employer (HYPERION MEDICAL) in the EEOC charge. In the moving papers, Defendants not only moved to dismiss the Title VII claims, but also demonstrated that the only party that was named (Defendant Hercules Medical, P.C.) was owned by a different doctor and had been inactive since 2008; therefore, by implication, the identify of interest exception does not apply.[5]

In opposition thereto, DUVERNY quoted from *Johnson v. Palma*, 931 F.2d 203, 209 (2nd Cir. 1991), but then failed to attribute the quote to the case.[6] In *Johnson v. Palma, supra,* the Second Circuit, Court of Appeals, wrote: "This exception, termed the 'identity of interest' exception, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and <u>the party named in the administrative charge</u>." *Id.* Citations omitted. Emphasis added. But instead of trying to do the impossible, DUVERNY does not attempt to demonstrate that an identity of interest exists between the party named in the administrative charge (Hercules Medical

---

[5]     *See* Defendants' Memorandum of Law at 11.
[6]     *See* Plaintiff's Memorandum of Law at Point IX.

P.C.) and DUVERNY's employer (HYPERION MEDICAL). Instead, DUVERNY *misrepresented* that Defendant Geoffrey Richstone ("RICHSTONE") was a party named in the administrative charge. *Id.*

The EEOC Charge (Exh. "12" to the moving papers) provides a location on the form to list a second party to be charged and, then, provides that "if more than two, list [the third party to be charged] under particulars below." *Id.* DUVERNY did not list a second party to be charged (the space was left blank – *see* Exh. 12) and did not list RICHSTONE as a person to be charged; therefore, the Title VII claims must be dismissed.

## Workplace harassment claims are analyzed under the McDonnell Douglas burden-shifting analysis.

In *Naumovski v. Norris,* 934 F.3d 200 (2nd Cir. 2019), the Second Circuit, Court of Appeals, noted the differences in the *McDonnell Douglas* burden shifting analysis when Title VII sexual harassment claims and 42 U.S.C. § 1983 claims are analyzed. *Id.*

DUVERNY's law firm specializes in employment discrimination. They are obligated to advise Your Honor of controlling authority. Inexplicably, Plaintiff argued that workplace harassment claims are not analyzed under the *McDonnell Douglas* burden shifting analysis. *See* Plaintiff's Memorandum of Law at Point X.

## The same actor doctrine applies; it is simply incredible to find that Defendants were motivated by discrimination because DUVERNY was hired and fired within a few months.

In the moving papers, Defendants not only demonstrated that the same actor doctrine applied, but also that case law has held that it is "simply incredible" to find that

4

any of the Defendants were motivated by discrimination since DUVERNY's hiring and firing occurred within a few months. *See* Defendants' Memorandum of Law at Point VII.

In response, DUVERNY argued that the same actor doctrine may not be appropriate in sex discrimination cases and should not lead to the granting of summary judgment when issues of fact exist. *See* Plaintiff's Memorandum of Law at Point XI. Defendants disagree.  DUVERNY's argument is not supported by the case law.

## Neither RICHSTONE, nor HYPERION MEDICAL sexually harassed DUVERNY.

In the moving papers, Defendants (i) cited numerous cases that a prior relationship should not form the basis for sexual harassment claim because the party is not motivated by discrimination, but rather by the emotions arising out of the prior relationship, (ii) pointed out that only after HYPERION MEDICAL filed a police report for the theft of its file did DUVERNY complain about being harassed, and (iii) noted that DUVERNY claimed that she performed her job so well that she claimed that she performed the work of three people (which is inconsistent with someone who is sexually harassed). *See* Defendants' Memorandum of Law at Point IX.

Defendants, then, described in detail the basis for the DUVERNY/RICHSTONE relationship by reviewing DUVERNY's testimony, RICHSTONE's sworn statement, and the instant messages between them. That material evidences that RICHSTONE and DUVERNY had a relationship both prior to and after DUVERNY was hired by HYPERION MEDICAL. *Id.*

5

Notwithstanding the foregoing, DUVERNY argues: "there is no evidence besides Defendant's implausible testimony to support his claim that Plaintiff dated the octogenarian Defendant Richstone." *See* Plaintiff's Memorandum of Law at 15.   This statement is sanctionable.

Given the admitted relationship, this court should follow *Garrigan v. Ruby Tuesday, Inc.,* 2013 WL 3946223 (SDNY); *Nungesser v. Columbia University,* 244 F.Supp.3d 345 (SDNY 2017), and *Mauro v. Orville,* 259A.D.2d 89, 697 N.Y.S.2d 704 (3rd Dep't 1999), *lv. denied* 94 N.Y.2d 759 (2000) and dismiss the hostile work environment claim.

## Neither RICHSTONE, nor HYPERION
## MEDICAL engaged in *quid pro quo* sexual harassment.

In the Complaint, DUVERNY alleged that she was terminated because she rejected RICHSTONE's sexual advances.  *See* the Complaint (Exh. "2" to the underlying motion) at ¶¶88, 102.

During discovery (in both documents and in DUVERNY's testimony), DUVERNY claimed that she was terminated because she did not want to undergo further medical tests when the office was slow and/or because she did not engage in insurance fraud.  *See* Defendants' Memorandum of Law at 36-37 and Exhs. "1" and "6" to the moving papers.

Therefore, she was not terminated because RICHSTONE allegedly rejected her sexual advances.

In the opposing papers, DUVERNY does not point to any testimony that is contrary to this fact. Instead, in the opposing papers, DUVERNY pointed to DUVERNY's testimony that she did not want to undergo further medical tests on the day in question

6

by at least three doctors (none of them were RICHSTONE) and when she refused, she was terminated (T. at 145, l. 2-25). *See* DUVERNY's Memorandum of Law at 6.

Thereafter, DUVERNY's counsel (but not DUVERNY) argued that her claims of medical fraud and not wanting to undergo further medical testing was a coded message that DUVERNY was being subjected to *quid pro quo* sexual harassment. *Id.* at 7.

And thereafter DUVERNY's counsel noted that DUVERNY was granted unemployment benefits (*id.*), but omitted to advise Your Honor of the clear case law that unemployment determinations should not normally be admitted in federal court and if they are admitted, are afforded little or no probative value. *Arroyo v. Westlb Administration, Inc.*, 54 F.Supp.2d 224, 230 (SDNY 1999).

Given the foregoing, the *quid pro quo* sexual harassment claims must be dismissed.

## DUVERNY's national origin discrimination claims must be dismissed.

In the moving papers, Defendants pointed out the high standard that DUVERNY had to demonstrate to survive a summary judgment on this claim and (i) based upon the same actor doctrine, (ii) the fact that RICHSTONE has close ties to Haitians (he has a son who is Haitian), and (iii) DUVERNY's perjury by during her deposition concerning this claim, this claim must be dismissed.[7]

---

[7]     *See* Defendants' Memorandum of Law at Point X in which it was pointed out that DUVERNY repeatedly lied during her deposition that RICHSTONE called her a Haitian bimbo in multiple instant messages, when, in fact, in not one instant message was she called a Haitian bimbo. (DUVERNY apparently believed it was safe to lie about what the instant messages contained since not all of the messages were produced prior to her deposition.)

In opposition thereto, DUVERNY confuses the situation. DUVERNY is not a Jamaican and therefore, jokes about Jamaicans are not directed at her. <u>Indeed, the instant messages evidence that DUVERNY made fun of Jamaicans herself</u> by describing her mistake in failing to send her resume as her acting like a "Jamaican MAN". *See* the instant messages (Exh. "5" of the moving papers) at Bates Stamp Nos. 217.

Aside from an <u>alleged</u> stray remark[8] or two that was made about Haitians, DUVERNY has failed woefully to meet her standard to demonstrate that "the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004); therefore, summary judgment is to be granted on this claim.

## DUVERNY's ADA discrimination claim must be dismissed.

In the moving papers, Defendants argued that the ADA claim should be dismissed because: (i) DUVERNY was diagnosed with a hernia by HYPERION MEDICAL prior to her employment with the Company and was acting as a patient (not as an employee) when she underwent her medical examinations at HYPERION MEDICAL in preparation for her hernia operation (which she ultimately underwent), and (ii) DUVERNY cannot prove that a "but for" causation existed between the medical examination and an adverse employment action. *See* Defendants' Memorandum of Law at Point IX.

---

[8]     "'Stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination.' [The supervisor's] one-off comment is precisely the sort of 'stray remark' that is insufficient to support an inference of discriminatory intent." *Naumovski,* 934 F.3d at 217. Citation omitted.

8

And as noted in the *Preliminary Statement, supra,* the ADA claim must also be dismissed because DUVERNY (i) failed to name her employer in her EEOC Charge and (ii) did not timely allege her ADA claim in the EEOC Charge (*see* Exh. "12" to the moving papers for the EEOC Charge). *See Vuono v. Consolidated Edison of New York, Inc.,* 2019 WL 2433654, *5 (SDNY)(a 42 U.S.C. § 12112(d) ADA claim must first be timely set forth in an EEOC Charge; the failure to timely set forth the claim in the EEOC is akin to a statute of limitations defense).[9]

In opposition thereto, *DUVERNY failed to identify or describe any of the tests/examinations at issue* and, then, argued (a) based upon an Eastern District of Kentucky district court case that only two issues exist for this claim: (1) did the employer perform or authorize a medical examination and (2) whether the exam was job-related and consistent with business necessity, and (b) that a plaintiff need not allege an "adverse employment action. *See* Plaintiff's Memorandum of Law at Point XIII.

In *Kroll v. White Lake Ambulance Authority,* 691 F.3d 809 (6th Cir. 2012), the Sixth Circuit, Court of Appeals, determined "the meaning of 'medical examination' under 42 U.S.C. §12112(d)(4)(A)" – the very provision at issue in this case. 691 F.3d at 811. In *Kroll,* the Court of Appeals reviewed the seven-factor test set forth in the EEOC *Enforcement*

---

[9]     In Defendants' Answer (*see* Exh. "2" to the moving papers for the pleadings), Defendants alleged that the failure to name HYPERION MEDICAL (and other defendants) in the EEOC charge should lead to the dismissal of the discrimination charges against those defendants (the thirteenth affirmative defense) and that the statute of limitations bars some claims (the eleventh affirmative defense).

        If needed, an amendment to a pleading to assert a statute of limitations defense will be granted "in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2nd Cir. 1993). No prejudice or bad faith can be shown here.

*Guidance: Disability-Related Inquires and Medical Examinations of Employee* as to when a test or examination constitutes a "medical examination" for 42 U.S.C. §12112(d)(4)(A). Here, DUVERNY failed to perform this analysis and, therefore, has failed to make out a *prima facie* case that the tests/examinations that she underwent in preparation for her hernia operation constitute a "medical examination" for purposes of 42 U.S.C. §12112(d)(4)(A).

### HYPERION MEDICAL's counterclaim should not be dismissed.

RICHSTONE testified that the medical file that was stolen by DUVERNY was missing the doctors' notes, when it was returned. *See* Richstone Dep. at 222, l. 6 – 225, l. 10.

HYPERION MEDICAL has been damaged by the failure of DUVERNY to return its property (the medical notes in the file). *Id.* And without medical notes, HYPERION MEDICAL generally cannot recover for its services.

### CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion for summary judgment and dismiss the case.

Dated: October 28, 2019                    **Echtman & Etkind, LLC**
                                           *Attorney for Defendants*

                        By:    _____
                               David Etkind (DE-9805)
                               551 Fifth Avenue, 3rd Floor
                               New York, New York 10176
                               (212) 757-2310