UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
LEONIDES DUVERNY,                      :
                                       :
                        Plaintiff,     :        18cv7652(DLC)
             -v-                       :
                                       :        ORDER
HERCULES MEDICAL P.C., ACHILLES        :
MEDICAL P.C., HYPERION MEDICAL P.C.,   :
and GEOFFREY RICHSTONE, individually,  :
                                       :
                        Defendants.    :
                                       :
---------------------------------------X

DENISE COTE, District Judge:

     A telephonic final pretrial conference in this matter was
held on October 29, 2020.  The plaintiff seeks to exclude the
testimony of Dr. Charles McGowan regarding the plaintiff's
silence, specifically, her failure to report to him an alleged
assault by the individual defendant against her.  In a letter of
November 2, the defendants requested that Dr. Charles McGowan be
allowed to testify about that issue.

     A factfinder may draw an adverse inference from a party's
silence where the circumstances surrounding the silence suggest
that it will be probative of a fact at issue.  See LiButti v.
United States, 107 F.3d 110, 124 (2d Cir. 1997).  The relevance
and probative value of a party's silence depend upon a showing
that the circumstances were such that one would be expected to
speak.  Fed. R. Evid. 401; LiButti v. United States, 178 F.3d

114, 120 (2d Cir. 1999).  Out-of-court silence offered for the truth of the matter asserted may be an adoptive admission of a party opponent.  Fed. R. Evid. 801(d)(2)(B).  The burden is on the proponent of admissibility to show that in the circumstances of the case a failure to speak is so unnatural that it supports the inference proffered by the proponent.  Weston-Smith v. Cooley Dickinson Hosp., Inc., 282 F.3d 60, 67 (1st Cir. 2002).

The defendants proffer that the plaintiff and McGowan were in a romantic relationship during the time of the alleged assault and have generally discussed the facts of her employment and the allegations in this case.  That is insufficient to show that plaintiff's silence is probative.  The defendants have failed to demonstrate circumstances in which the plaintiff's silence may be deemed a nonhearsay adoptive admission.  Fed. R. Evid. 401, 403.  Accordingly, it is hereby

ORDERED that the plaintiff's motion to exclude testimony of Dr. Charles McGowan regarding the plaintiff's silence about the alleged assault is granted.

SO ORDERED:

Dated:   New York, New York
         November 3, 2020

_____
DENISE COTE
United States District Judge